UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AJ HOLDINGS OF METAIRIE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-374** |
| **BJ'S JEWELRY & LOAN, LLC, ET AL** | **SECTION "B"(1)** |

**ORDER AND REASONS**

Before the Court are defendants Bradley Scott Johnson ("Scott"), BJ's Jewelry & Loan, LLC, BJ's Jewelry & Loan of Metairie, LLC, BJ's Jewelry & Loan of Harvey, LLC, BJ's Jewelry & Loan of Kenner, LLC's ("BJJL entities," collectively "defendants") 12(b)(7) motion to dismiss plaintiff AJ Holdings of Metairie, LLC's ("AJ Holdings") complaint for failure to join indispensable parties under Rule 19 (Rec. Doc. 7) and plaintiff AJ Holdings' opposition (Rec. Doc. 15). For the reasons discussed below,

**IT IS ORDERED** that defendants' motion to dismiss (Rec. Doc. 7) is **DENIED**.

I. **FACTS AND PROCEDURAL HISTORY**

Plaintiff AJ Holdings brings this suit against defendants for the alleged trademark infringement of its tradename "BJ's Pawn Shop." Rec. Doc. 1. BJ's Pawn Shop is an institution in the greater New Orleans metropolitan area and has conducted business at 3828 Veterans Blvd., Metairie, LA 70002 ("3828 Veterans") for more than thirty-three years. *Id.* at 3. BJ's Pawn Shop has used the mark "Where the Smart Money's at" and variations thereof for more than

1

thirty-three years. *Id*. at 8. BJ's Pawn Shop has also used signage including the following elements: (a) red background with white lettering and/or white background with red lettering; (b) bold sans serif typeface and (c) "BJ's PAWN" and/or "BJ's PAWN SHOP" and/or "CASH LOANS." *Id*. at 9.

Prior to his death on September 23, 2016, William Thomas Johnson (the "Decedent") held all shares of BJ's Pawn and Jewelry, Inc., which owned the trademark in dispute. *Id*. at 3. Scott and AJ Holdings corporate member Jill Johnson Bouvier ("Bouvier") were children of the decedent. Rec. Doc. 7-1 at 3. During the administration of decedent's estate, plaintiff acquired all rights, title, and interest in and of BJ's Pawn & Jewelry, Inc., except through an Asset Purchase Agreement, which included the use of its intellectual property, such as trademarks, service marks, copyrights, and the use of its trade name "BJ's Pawn Shop." *Id*. at 6-7.

Scott, who was a former employee of BJ's Pawn Shop, is now the founder, member, officer, director, manager, and registered agent of four BJJL entities – BJJL (in Mandeville); BJJL-Metairie; BJJL-Harvey; and BJJL-Kenner. *Id*. at 2. Plaintiff alleges that Scott has used his prior affiliation with BJ's Pawn Shop and the similarity in the names between his entities and the business owned and operated by AJ Holdings to obtain credit with third-party vendors. *Id*. at 7. Additionally, defendants allegedly utilize

2

marks, advertisement, and signage that are identical to or deceptively similar to those belonging to AJ Holdings. *Id*. at 8. Therefore, plaintiff contends defendants have caused "confusion, mistake and deceit" in the New Orleans Metropolitan area between BJ's Pawn Shop and BJJL entities. *Id*. at 10.

On February 22, 2021, plaintiff filed the instant complaint in the Court, alleging trademark infringement, unfair competition, and false designation of origin pursuant to 15 U.S.C. § 1123(a) on the basis of federal question jurisdiction. *Id*. at 14; *see also id*. at 2.

On April 26, 2021, defendants filed the pending motion to dismiss for plaintiff's failure to join fourteen indispensable parties under Rule 19. Rec. Doc. 7. On June 6, 2021, plaintiffs opposed defendants' motion to dismiss arguing that defendants fail to satisfy their burden under Rule 12(b)(7) and that their motion should be denied.

II. **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 12(b)(7) permits a Court to dismiss an action for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). In deciding a Rule 12(b)(7) motion, a court must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party. *Pearson's Inc. v. Ackerman*, No. 7:18-CV-00013-BP, 2018 WL 5886606, at *2 (N.D. Tex. Nov. 9, 2018). Disposition of a Rule 12(b)(7) motion

3

requires the court to engage in a two-step process to ensure fair and complete resolution of the dispute at issue. *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308-09 (5th Cir. 1986).

Under Rule 19(a), a party is required and must be joined if, without that party, the court cannot provide "complete relief among the existing parties." Fed. R. Civ. P. 19(a)(1)(A). A party is also required and must be joined if the party claims an interest in the case, and a judgment in that party's absence may (1) "impair or impede" that party's ability to protect his or interest or (2) risk subjecting an existing party to multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B). If any required party has not been joined, then the court must order that party's joinder if (1) that party is subject to service of process and (2) the joinder will not destroy the court's subject matter jurisdiction. Fed. R. Civ. P. 19(a). "The initial burden of proof for the party advocating joinder only requires a showing of the possibility that an unjoined party is arguably indispensable." *Lee v. Learfield Communications, LLC*, 486 F. Supp. 3d 1041, 1047 (E.D.La. 2020) (internal quotations and citations omitted). If an "initial appraisal of the facts indicates that a possibly [required] party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id*. (internal quotations and citations omitted).

Second, if joinder of a party is required but is not feasible, then the court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed". Fed. R. Civ. P. 19(b). Rule 19(b) lists four factors for the court to consider: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) the degree to which "protective provisions in the judgment," "shaping the relief," or "other measures" might mitigate any prejudice; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Id*. "No single factor is dispositive. Resolving whether a party is required is a practical inquiry with an emphasis on pragmatism, whereby the various harms that the parties and the absentees might suffer are considered." *Lee*, F. Supp. 3d. at 1048 (citations omitted). Where Rule 19(b) requires dismissal, a court must dismiss the case pursuant to Rule 12(b)(7). *Id*.

Here, the defendants fail to meet their burden of proof that the non-parties are "required" under Rule 19(a). First, "[c]lause [(a)(1)(A)] stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the

5

court." Fed. R. Civ. P. 19.[1] "The term 'complete relief' under Rule 19(a)(1)(A) refers only to 'relief between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*, No. 4:17-CV-00303, 2019 WL 9899507, at *9 (E.D. Tex. Mar. 27, 2019) (citation omitted). Thus, when a plaintiff seeks damages only for him or herself, non-parties "need not be joined" under clause 1 of Rule 19(a). *See Pulitzer-Polster*, F.2d at 1309.

In *Pulitzer-Polster v. Pulitzer*, the Fifth Circuit considered whether the district court abused its discretion when it dismissed the federal suit for failure to join indispensable parties. *Id*. at 1308. In addressing this question, the court considered whether, in the absence of the non-parties, complete relief could be afforded to the plaintiff under Fed. R. Civ. P. 19(a)(1). *Id*. at 1309. The court held that the non-parties would "not need to be joined on this basis" because the plaintiff's federal suit sought damages only for herself. *Id*.

In this dispute, the plaintiff asks the Court for injunctive relief under 15 U.S.C. § 1116 and recovery of damages from defendants jointly and severally, pursuant to 15 U.S.C § 1117. Rec. Doc. 1 at 14. These damages include the actual damages plaintiff has sustained, defendant's profit, and the costs of this

---

[1] See "The Amended Rule" notes under Fed. R. Civ. P. 19.

action. *Id*. Defendants argue that complete relief among the existing parties may not be achieved without joinder of the non-parties. Rec. Doc. 7-1 at 9. Specifically, defendants argue that plaintiff claims to have exclusive use of the letters "B" and "J" and the words of "pawn," "shop," "jewelry," and/or "loan" in any combination thereof for intrastate and interstate commerce. *Id*. at 10. Because of this, defendants contend the Court cannot determine who has or does not have exclusive use of the letters and combinations of words at issue until all it and the non-parties are afforded the opportunity to appear and be heard. *Id*.

However, it does not appear from the complaint that plaintiff claims an exclusive use of those letters and plaintiff points out, the allegations were very specific concerning only the named defendants. Rec. Doc. 15 at 5. Of the fourteen non-parties identified by defendant, plaintiff notes that "ten no longer even exist as a matter of law because they have been dissolved, forfeited, or actively suspended by the respective secretaries of state[.]" *Id*. at 4. Plaintiff further points out that "[o]f the remaining four entities, three are neither registered nor do business in the State of Louisiana." *Id*. "B & J Pawn, Inc." is the only active and registered business in the State of Louisiana that was identified by defendants as a potential necessary party. *Id*. Notably, this business is located in Denham Springs, Louisiana – outside the New Orleans metropolitan area. *See* Rec. Doc 7-3 at 2.

7

Moreover, neither party has provided evidence that "B & J Pawn, Inc." uses the colors red and white, bold sans serif font, or utilizes the phrase "Where the Smart Money's at." *See* Rec. Doc. 1; Rec. Doc. 7; Rec. Doc. 15. Thus, "B & J Pawn Inc.'s" use of the letters "B" and "J" in combination with the word "pawn" is likely not causing "confusion, mistake or deceit" in the New Orleans Metropolitan area as to the affiliation, connection, or association with plaintiff's business that would require its joinder.

Plaintiff's allegations were very specific concerning the use of letters "B" and "J" in combination with the colors red and white, bold sans serif font, and the phrase "Where the Smart Money's at" or any combination thereof. The Court would thereby be able to provide full injunctive relief without joining the other parties. Further, since plaintiff's federal suit seeks damages only for itself, the Court would be able to accord those damages. Thus, the non-parties are not required under 19(a)(1)(A).[2]

There is no indication that the non-parties have claimed interest relating to the subject matter of the action. In *Ackerman*, the defendants in a trademark case moved for dismissal on the

---

[2] Defendants' suggestion that another non-party entity operating in Louisiana or other states would be adversely impacted by a judgment in plaintiff's favor is misplaced. Rec. Doc. 20. Potential injunctive and/or monetary relief would be limited to named entities in scope and content. Defendants also argued that plaintiff's federal action is "a personal vendetta…family feud carried over from state court succession proceedings that have not gone well for…Jill Johnson Bouvier [member of plaintiff-LLC]". Id. While that argument may impact credibility determinations at trial on the merits, it too is misplaced in the context of this motion to dismiss. However, if federal jurisdiction under the Lanham Act or other federal law is questioned with good faith and cause, we will act accordingly to resolve that matter in due course.

grounds that eight unnamed companies similarly infringed upon a trademark because nonjoinder "would potentially prejudice the nonparties' interest, result inconsistent obligations, and prevent the Court from providing complete relief to the joined parties." *Pearson's Inc. v. Ackerman*, No. 7:18-CV-00013-BP, 2018 WL 5886608, at *2 (N.D. Tex. Nov. 9, 2018). The court rejected these arguments because the nonparties' interest asserted by the defendants "is not the type of interest contemplated by Rule 19(a)(2)." *Id.* at 3. None of the nonparties were alleged to be the real owners of the mark or subject to a contract that would grant contractual interests in the resolution of the case, so the court found that the defendants failed to allege a protectible interest common to the nonparties such that joinder was required. *Id.* at 3 (citing *Escamilla v. M2 Tech., Inc.*, 536 F. App'x 417, 421 (5th Cir. 2013) ("As owner of the mark, the licensor has a legally protected interest in the subject matter of the action.")). The interests cited by the defendants were additionally insufficient because "[t]he 'interests contemplated in Rule 19(a) must be more than a financial stake, and more than speculation about a future event" and because a "nonparty's 'interest' must also be legally protectable." *Ackerman*, 2018 WL 5886608, at *2-3 (internal citation omitted).

Here, defendants similarly claim that there are fourteen non-parties possessing an interest in the use of similarly situated

9

names. *See* Rec. Doc. 7-1 at 2. As was the case in *Ackerman*, however, defendants do not allege that these fourteen nonparties (1) are the real owners of the name, (2) are parties to a contract granting contractual interests in the action at hand, or (3) have any other relevant legally protectable interest. There is nothing to suggest that the nonparties have an interest that is more than a mere speculation about a future event. Therefore, the nonparties are not required under Rule 19(a)(1)(B) either.

    Defendants have failed to meet their burden of demonstrating that a missing party is required under Rule 19(a) and this Court need not analyze the instant action under Rule 19(b). *See Ackerman*, 2018 WL 5886608 at *4.

    New Orleans, Louisiana this 28th day of January, 2022

                                        _____
                                        SENIOR UNITED STATES DISTRICT JUDGE