```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

AJ HOLDINGS OF METAIRIE, LLC                          CIVIL ACTION

VERSUS                                                NO. 21-374

BJ'S JEWELRY & LOAN, LLC, ET AL                       SECTION "B"(1)

## ORDER AND REASONS

Before the Court are plaintiff's complaint (Rec. Doc. 1), defendants' motion to dismiss under FRCP Rule 12(b)(1) and 12(b)(6) (Rec. Doc. 33), and plaintiff's opposition memorandum (Rec. Doc. 34). For the following reasons,

**IT IS ORDERED** that defendants' motion to dismiss (Rec. Doc. 33) is **DENIED**.

### I.   FACTS AND PROCEDURAL HISTORY

Plaintiff AJ Holdings brings this suit against defendants for the alleged trademark infringement of its tradename "BJ's Pawn Shop." Rec. Doc. 1. BJ's Pawn Shop is an institution in the greater New Orleans metropolitan area and has conducted business at 3828 Veterans Blvd., Metairie, LA 70002 ("3828 Veterans") for more than thirty-three years. *Id*. at 3. BJ's Pawn Shop has used the mark "Where the Smart Money's at" and variations thereof for more than thirty-three years. *Id*. at 8. BJ's Pawn Shop has also used signage including the following elements: (a) red background with white lettering and/or white background with red lettering; (b) bold

1

sans serif typeface and (c) "BJ's PAWN" and/or "BJ's PAWN SHOP" and/or "CASH LOANS." *Id*. at 9.

Prior to his death on September 23, 2016, William Thomas Johnson (the "Decedent") held all shares of BJ's Pawn and Jewelry, Inc., which owned the trademark in dispute. *Id*. at 3. Defendant Scott and AJ Holdings corporate member Jill Johnson Bouvier ("Plaintiff" or "Bouvier") were children of the decedent. Rec. Doc. 7-1 at 3. During the administration of decedent's estate, plaintiff acquired all rights, title, and interest in and of BJ's Pawn & Jewelry, Inc., through an Asset Purchase Agreement, which included the use of its intellectual property, such as trademarks, service marks, copyrights, and the use of its trade name "BJ's Pawn Shop." *Id*. at 6-7.

Scott, who was a former employee of BJ's Pawn Shop, is now the founder, member, officer, director, manager, and registered agent of four BJJL entities – BJJL (in Mandeville); BJJL-Metairie; BJJL-Harvey; and BJJL-Kenner. *Id*. at 2. Plaintiff alleges that Scott has used his prior affiliation with BJ's Pawn Shop and the similarity in the names between his entities and the business owned and operated by AJ Holdings to obtain credit with third-party vendors. *Id*. at 7. Additionally, defendants allegedly utilized marks, advertisement, and signage that are identical to or deceptively similar to those belonging to AJ Holdings. *Id*. at 8. Therefore, plaintiff contends defendants have caused "confusion,

2

mistake and deceit" in the New Orleans Metropolitan area between BJ's Pawn Shop and BJJL entities. *Id*. at 10.

On February 22, 2021, plaintiff filed the instant complaint in the Court, alleging trademark infringement, unfair competition, and false designation of origin pursuant to 15 U.S.C. § 1123(a) based on federal question jurisdiction. *Id*. at 14; *see also id*. at 2.

On April 26, 2021, defendants filed a motion to dismiss for plaintiff's failure to join fourteen indispensable parties under Rule 19. Rec. Doc. 7. Plaintiff filed an opposition to the motion on June 6, 2021, arguing that defendants failed to satisfy their burden under rule 12(b)(7); thus, their motion should be denied. Rec. Doc. 12. On January 31, 2022, this Court issued an Order and Reasons denying defendants' motion to dismiss. Rec. Doc. 25.

On March 11, 2022, defendants filed the pending motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6). Rec. Doc. 33. On April 5, 2022, plaintiff filed an opposition to defendants' motion to dismiss. Rec. Doc. 34.

## II. LAW AND ANALYSIS

### A. 12(b)(1) Standard

Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's

3

resolution of disputed facts. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief. *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, *Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction not on the party moving for dismissal. *See Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). In any event,

> [i]n circumstances where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case under either Rule 12(b)(6) or Rule 56.

*Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) (internal quotations omitted)); *see also Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016). "The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial." *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981). "The nonexistence of a cause of action is no proper basis for a jurisdictional dismissal." *Stem*, 813 F.3d at 210 (5th Cir. 2016) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998)).

Defendants' challenge to this Court's subject matter jurisdiction is based on their position that plaintiff cannot assert a federal claim under the Lanham Act. Based upon this position, this Court will assume jurisdiction and decide defendants' motion to dismiss under the Federal Rule 12(b)(6) standard. *See id.*; *see also Dell, Inc. v. This Old Store, Inc.*, No. H-07-0561, 2007 WL 2903845, *1-*2 (S.D.Tex. 2007). Defendants' motion to dismiss pursuant to Federal Rule 12(b)(1) should be **DENIED** on this basis.

### B. 12(b)(6) Standard

In addition to their 12(b)(1) motion, defendants also move for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See* Rec. Doc. 33. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must contain

5

enough facts to state a claim to relief that is plausible on its face." *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotes omitted)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the court is not bound to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). *A fortiori*, a complaint may be dismissed when it appears "beyond a doubt that plaintiff can prove no set of facts" that would entitle him to prevail. *Twombly*, 550 U.S. at 560-61, 127 S.Ct. 1955; *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 178 F. Supp. 3d 390, 399 (E.D. La. 2016). However, the Fifth Circuit has stated that motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are "viewed with disfavor and [are]...rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).

### C. Lanham Act Claim

Congress enacted the Lanham Act "to protect persons engaged in [] commerce against unfair competition" "by making actionable the deceptive and misleading use of marks in such commerce." 15 U.S.C. § 1127. Here, plaintiff seeks to enforce its alleged trademarks and service mark through several causes of action, including trademark infringement, unfair competition, and false designation of origin. However, defendants argue that plaintiff has failed to state a claim for trademark infringement.

As applicable here, the Lanham Act imposes civil liability on any person who without consent uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). To prevail on a trademark-infringement claim, a plaintiff must show (1) a protectable right in a mark, and (2) that the defendant's use of the marks creates a likelihood of confusion as to the mark's source, affiliation, or sponsorship. *See Paulsson Geophysical Services, Inc. v. Sigmar*, 529 F.3d 303, 309 (5th Cir. 2008).

As to the first element, plaintiff has sufficiently alleged a protectable right in marks associated with BJ's Pawn & Jewelry. The complaint states that on April 25, 2019, plaintiff executed an

7

Asset Purchase Agreement with the estate of the late William Thomas Johnson. Rec. Doc. 1. That contract granted plaintiff ownership of all "assets of [BJ's Pawn & Jewelry]" including all "intellectual property such as trademarks, service marks, copyright, and the use of the name 'BJ's Pawn Shop.'" *Id.; see also* Rec. Doc. 34. Furthermore, plaintiff alleged that it is the "exclusive holder" of all such intellectual property. Rec. Doc. 34. Accepting these allegations as true, plaintiff has established that it has a protectable right in the marks associated with BJ's Pawn & Jewelry.

Likewise, plaintiff has sufficiently alleged the second element, *i.e.*, that defendants' use of the protected marks creates a likelihood of confusion. To determine the likelihood of confusion, we consult the Fifth Circuit's eight non-exhaustive and flexible "digits of confusion":

> (1) the type of mark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, ... (7) any evidence of actual confusion[,] ... [and] (8) the degree of care exercised by potential purchasers.

*Bd. of Supervisors v. Smack Apparel Co.*, 550 F.3d 465, 478 (5th Cir. 2008) (quoting *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 663 (5th Cir. 2000)). These "digits" are mere guideposts on the road to a finding of confusion; they are not "an exact calculus" for reaching such a finding. *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 485 (5th Cir. 2004).

The first factor, the type of mark, "refers to the strength of the mark." *TWTB, Inc. v. Rampick*, 152 F. Supp. 3d 549 (E.D. La. 2016). In evaluating this factor, courts look to the distinctiveness of a mark and third-party use of that mark. *Id.* To assess the distinctiveness of a word mark, the Fifth Circuit looks to whether the mark is: (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful. Here, plaintiff has adequately alleged that its mark is both descriptive and suggestive. Plaintiff asserted that the trade name "BJs Pawn shop" and variations thereof, and the phrase "Where the Smart Money's At," are descriptive as they denote an attribute or quality of goods that plaintiff possesses. Rec. Doc. 1; Rec. Doc. 34. Similarly, plaintiff asserts those word marks are suggestive of the quality of goods and services offered by BJ's Pawn and Jewelry. Rec. Doc. 1; Rec. Doc. 34.

Regarding mark similarity, the complaint alleged that defendants are using nearly identical, if not completely identical marks as those possessed by plaintiff. Rec. Doc. 1. These marks include the phrase "Where the Smart Money's At" and the signage containing a red background with white lettering and/or white background with red lettering, in bold sans serif typeface. *Id.* Additionally, plaintiff alleged that the names of defendants' entities alone demonstrate mark similarity given defendants' entity names are BJ's Jewelry & Loan and plaintiff's company is

9

BJ's Pawn & Jewelry. *Id.* Plaintiff also properly alleged facts to support that there is similarity between the products and services being offered given defendants' entities offer the "exact same goods and services that plaintiff offers." *Id.*

Regarding the identity of retail outlets and purchasers, plaintiff alleged that defendants have opened various retail locations in small shopping centers like where plaintiff's store is located, and defendants are targeting the same customer base. *Id.* Moreover, the complaint states that some of defendants' retail outlets are "a mere stone's throw from plaintiff's current retail locations." Rec. Doc. 1. Concerning the fifth factor of advertising media identity, the complaint alleges that defendants have used marks belonging to plaintiff on their website, social media pages, print advertisements, television advertisements, and signage. *Id.*

Plaintiff also alleged facts pertinent to the sixth factor when it stated that the defendants' intent was to derive benefits from plaintiff's reputation. Specifically, plaintiff stated that defendants utilized its protected trademarks to obtain credit with third-party vendors. *Id.* Lastly, plaintiffs alleged that actual confusion exists given several of its customers have attempted to return items purchased at defendants' stores, thinking the two stores were affiliated. *Id.*

Accepting all the factual allegations as true, the Court finds that plaintiff has pled sufficient facts demonstrating that

10

defendants use of plaintiff's protected marks creates a very strong likelihood of confusion. Accordingly, plaintiff has properly stated detailed factual and legal basis for trademark infringement under the Lanham Act. Defendants' motion to dismiss is thereby DENIED.[1]

New Orleans, Louisiana this 8th day of September 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Given clear law and detailed factual allegations in the complaint, defendants' motion barely missed being construed as frivolous and, thereby, sanctionable.